```
IN THE UNITED STATES DISTRICT COURT FOR THE
             EASTERN DISTRICT OF OKLAHOMA

NORMAN C. BARTON, JR.,        )
                              )
          Plaintiff,          )
                              )
v.                            )   Case No. CIV-12-192-FHS-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
          Defendant.          )
```

## REPORT AND RECOMMENDATION

Plaintiff Norman C. Barton, Jr. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 15, 1957 and was 53 years old at the time of the ALJ's decision. Claimant completed his high school education. He also obtained some vocational training on heavy equipment operation and completed a couple of years of college. Claimant has worked in the past as a bass fisherman and maintenance

worker.  Claimant alleges an inability to work beginning November 16, 2006 due to limitations resulting from multiple surgeries on his back, right knee, hands and shoulders.

## Procedural History

On February 7, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On August 31, 2010, an administrative hearing was held before ALJ John W. Belcher.  On September 22, 2010, the ALJ issued an unfavorable decision on Claimant's application.  The Appeals Council denied review of the ALJ's decision on February 23, 2012.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work with some limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

comply with Soc. Sec. R. 00-4p in requiring occupational evidence provided by a vocational expert be consistent with the information contained in the *Dictionary of Occupational Titles ("DOT")*; and (2) reaching an RFC which is not supported by substantial evidence.

**Compliance With Soc. Sec. R. 00-4p**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease and major dysfunction of a joint. (Tr. 15). He also found Claimant retained the RFC to perform a full range of light work and, in so doing, found he could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk 2-4 hours in an 8 hour workday, sit 6 hours in an 8 hour workday, and must change positions every 1-2 hours. The ALJ also concluded Claimant could occasionally climb stairs and reach above the head bilaterally, but was unable to climb ladders, ropes, or scaffolds. (Tr. 16). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of sorter, hand packager, and assembler all of which were considered available in significant numbers in the regional and national economies. (Tr. 23).

Claimant contends the ALJ erred in accepting the testimony from the vocational expert ("VE") without determining the basis for a discrepancy between the *DOT* and the VE's testimony. At the

administrative hearing, the ALJ posed a hypothetical which included Claimant's limitation of standing or walking for two to four hours in an eight hour workday. (Tr. 60). The VE identified three light, unskilled jobs of sorting, hand packaging, and assembly. (Tr. 61).

Claimant cites to the *DOT* wherein it states that a job should be rated as light work "when it requires walking or standing to a significant degree." The meaning of the term "significant degree" could be subject to interpretation. The regulations, however, give some guidance in stating "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday." Soc. Sec. R. 83-10. Since the exertional job classifications in the regulations "have the same meaning as they have in the exertional classifications noted in the *DOT*," an apparent conflict exists between the requirements for standing and walking in the *DOT* and those found by the ALJ in Claimant's RFC.

A vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ is required to accept and include in the hypothetical question only

6

those limitations supported by the record. Shepherd v. Apfel, 184 F.3d 1196, 1203 (10th Cir. 1999). However, "'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'" Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990). More pertinent to the arguments made in this case is the requirement that the ALJ "elicit sufficient vocational evidence for [the] court to determine whether there is a conflict." Carpenter v. Astrue, 537 F.3d 1264, 1270-71 (10th Cir. 2008)(citation omitted). The ALJ failed to elicit sufficient information from the VE to ascertain the basis for the discrepancy between the exertional requirements of the three jobs he identified and the *DOT*. On remand, the ALJ shall obtain the appropriate testimony and make such additional findings as is required to explain this discrepancy and apparent conflict.

**RFC Determination**

Claimant also contends the ALJ failed to arrive an appropriate RFC for him after consideration of the medical record. Mixed within this argument is also the assertion that the ALJ failed to state whether he gave one of Claimant's treating physician's opinion controlling weight. Dr. Greg T. Jones, an orthopedic

7

surgeon, treated Claimant from January 8, 2007 to September 15, 2008. Upon release, Dr. Jones limited Claimant to "no repetitive overhead work" and a 25 pound weight restriction for both arms. (Tr. 388). The ALJ concluded that Dr. Jones opinion to be "only partially credible, due to the limited scope of findings of the shoulders." (Tr. 22). He did not state he was giving Dr. Jones' opinion controlling weight or discuss the level of reduced weight he gave the opinion.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The

8

factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The statement made by the ALJ concerning Dr. Jones' report being only "partially credible" is not sufficient to determine the

weight afforded his opinions. On remand, the ALJ shall specifically discuss the weight given the opinion and the reasons for any reduction from controlling weight.

Defendant argues that the ALJ's RFC actually followed Dr. Jones' restrictions. However, the difference in terms as to the frequency the ALJ allowed for overhead lifting as compared to Dr. Jones' opinion leaves some confusion as to whether the RFC and Dr. Jones' restrictions are parallel. On remand, the ALJ shall also re-examine his RFC determination based upon his findings with regard to the weight which should be given to Dr. Jones' opinion.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court

based on such findings.

DATED this 15th day of August, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE